UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAFAT AMIROV,<br>                    Defendant | S8 22 Cr. 438 (CM) |

### DEFENDANT RAFAT AMIROV'S PROPOSED JURY INSTRUCTIONS

Pursuant to the Federal Rule of Criminal Procedure 30, Mr. Rafat Amirov submits these proposed jury instructions.  The Defense respectfully reserves the right to supplement, withdraw, or modify these requests after reviewing any proposed jury instructions that may be filed by the United States government.

Dated: February 14, 2025
New York, NY

Respectfully submitted,

/s /
Michael W. Martin
Lincoln Square Legal Services, Inc.
*Attorney for Mr. Rafat Amirov*

*On the submission*
Michlyne Bellas
Matthew Gawley
Megan Gmelich
Ryan Miller
Taylor Veracka
Amy Walker
*Legal Interns*

**TABLE OF CONTENTS**

Defense's Request No. 1:  Inferences from the Evidence................................................................. 1

Defense's Request No. 2:  Direct and Circumstantial Evidence..................................................... 2

Defense's Request No. 3:  Elements of the Offenses...................................................................... 3

    Count 1:  Murder-for-Hire ........................................................................................................ 3

    Count 2:  Conspiracy to Commit Murder-for-Hire....................................................................... 5

    Count 3:  Money Laundering Conspiracy ................................................................................. 9

    Count 4:  Attempted Murder in Aid of Racketeering ................................................................ 11

    Count 5:  Firearm Use, Carrying, Possession During and in Relation to Attempted Murder .. 14

Defense's Request No. 4:  Defendant's Right Not to Testify....................................................... 16

Defense's Request No. 5:  Expert Testimony .............................................................................. 17

Defense's Request No. 6:  Cooperating Witness ........................................................................ 18

**Defense Request No. 1:  Inferences from the Evidence**

You must base your verdict on only the evidence you find credible and the reasonable inferences rationally supported by that evidence.  Inferences are deductions or conclusions that reason and common sense lead you to draw from the evidence that has been presented to you.  You may, but are not required to, make inferences.  Any inference that you make must be rationally based on the evidence.  Do not speculate about matters about which you have not heard evidence, and do not draw inferences that are inconsistent with the evidence.  Finally, do not make speculative leaps.  You are not required to draw any inference, but you may give an inference whatever force or effect you find appropriate based on the proven facts and your experience.

**Authority**

*United States v. Ayala*, 769 F.2d 98, 103 (2d Cir. 1985)

*Mali v. Fed. Ins. Co.,* 720 F.3d 387, 391 (2d Cir. 2013)

1 Modern Federal Jury Instructions-Criminal ¶ 6.01 (2024)

**<u>Defense Request No. 2:  Direct and Circumstantial Evidence</u>**

You have heard both direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence, by contrast, is indirect evidence that suggests a fact is true but does not directly prove it.  A conviction can be based on circumstantial evidence, but suspicious circumstances alone cannot sustain a conviction.  For example, for a conspiracy charge, merely being present at the scene of a criminal act or associating with others charged in a conspiracy would not constitute intentional participation.

You must consider the evidence as a whole.  Think critically about circumstantial evidence that leads you to make an inference inconsistent with evidence that you find credible.  Do not give undue weight to any particular piece of circumstantial evidence.  It is for you to decide how much weight to give to any evidence.  Speculation alone is not enough to convict.  If the direct and circumstantial evidence together does not convince you of the defendant's guilt beyond a reasonable doubt, you must find him Not Guilty.

**<u>Authority</u>**

*United States v. Jones*, 393 F.3d 107, 111 (2d Cir. 2004)

*United States v. Santos*, 449 F.3d 93, 103 (2d Cir. 2006)

*Mali v. Fed. Ins. Co.*, 720 F.3d 387, 393 (2d Cir. 2013)

*United States v. Anderson*, 747 F.3d 51, 60–61 (2d Cir. 2014)

**<u>Defense Request No. 3:  Elements of the Offenses</u>**

The defendant is on trial only for the crimes charged.  Your job is to decide whether the government has proven each and every element of each of the crimes charged beyond a reasonable doubt.

**Count 1:  Murder-for-Hire**

The defendant is charged in Count 1 of the indictment with using facilities of interstate commerce with the intent to commit murder-for-hire in violation of Section 1958 of Title 18 of the U.S. Code.  The law requires that the government prove each of the following elements beyond a reasonable doubt.  If the government fails to prove any element, or elements, beyond a reasonable doubt, you must find the defendant Not Guilty.

1.  **Facility of Interstate or Foreign Commerce**

The government must prove that the defendant traveled or caused another person to travel across state or national boundaries; or that the defendant used, or caused another to use, any facility of interstate or foreign commerce.  A facility of interstate or foreign commerce includes telephones, the Internet, the mail, or other commercial channels.

If you are not convinced that the defendant himself used or caused another to use facilities of interstate or foreign commerce, then this element is not met.

2. **Specific Intent to Commit Murder**

The government must prove that the defendant specifically intended to commit murder in violation of State or Federal law.  An act is done "intentionally" if it is done deliberately and purposefully; that is, the defendant's acts must have been the product of his conscious objective, rather than the product of force, mistake, accident, mere negligence, or any other reason other than that it was his purpose to commit a murder.  This means that, to convict the defendant, the government must prove beyond a reasonable doubt that the defendant acted with the deliberate

3

purpose of bringing about the victim's death.  Acting with the intent to profit, intimidate, scare, coerce, or gain publicity—no matter how reprehensible that conduct may be—is not the same as acting with intent to kill.

If you find that the defendant intended to commit murder, then you must also find that this intent existed when the defendant used or caused another to use any facility of interstate commerce. This means that you must find that when the defendant used the facility of interstate or foreign commerce, he was using it with the intent to commit murder.

If you have a reasonable doubt as to whether the defendant harbored the specific intent of ending the victim's life, then you must find the defendant Not Guilty.

### 3. Pecuniary Value

To satisfy this element, the government must prove beyond a reasonable doubt that the defendant agreed with others to commit murder-for-hire in exchange for something of pecuniary value.  Money is something of pecuniary value.

The government must show a firm agreement to exchange money or something of tangible value beyond a reasonable doubt.   The terms of the agreement must be clear at the time the agreement is made.  This means that vague, uncertain promises or assumptions about possible compensation will not satisfy this element.

The government must convince you that each of these three elements are satisfied beyond a reasonable doubt.  If each element has not been proven, then the government has not met its burden, and you must return a verdict of Not Guilty.

**<u>Authority</u>**

*United States v. Acosta*, 833 F. App'x 856, 861–62 (2d Cir. 2020)

*United States v. Hardwick*, F.3d 94, 99–100 (2d Cir. 2008)

*United States v. Frampton*, 382 F.3d 213, 217–18 (2d Cir. 2004)

4

**Count 2:  Conspiracy to Commit Murder-for-Hire**

The defendant is charged with Conspiracy to Commit Murder-for-Hire in violation of Section 1958 of Title 18 of the U.S. Code.  The law requires that the government prove each of the following elements beyond a reasonable doubt.  If the government fails to prove any element, or elements, beyond a reasonable doubt, you must find the defendant Not Guilty.

**1.  Agreement**

The government must prove beyond a reasonable doubt that the defendant agreed with others to commit murder-for-hire.  An agreement is a meeting-of-the-minds.  It is not enough to show that the defendant associated with other individuals involved in the conspiracy.  This means that, to satisfy this element, you must find that there was a firm, mutual understanding between the defendant and at least one other person to commit an unlawful killing in exchange for something of pecuniary value.

**2.  Intent to Realize the Conspiracy's Unlawful Objective**

The government must prove beyond a reasonable doubt that the defendant intended to realize the conspiracy's unlawful objective.  This means that, to satisfy this element, you must be convinced that the defendant was aware of the object of the conspiracy and deliberately chose to participate in it.

Proof that the defendant simply knew about a conspiracy, was merely present at times, or associated with members of the group is not enough, even if the defendant approved of what was happening or did not object to it.  Similarly, just because the defendant may have done something that happened to help the conspiracy does not necessarily make him a conspirator.  You may consider these facts in deciding whether the government has proved that the defendant intended to realize the conspiracy's objective, but without more, they are not enough.

You have heard testimony about various criminal organizations.  However, it is not enough for the government to prove that the defendant or any alleged co-conspirator was a member of a criminal organization.  Mere membership in a group, even one that engages in criminal activity, does not establish participation in a specific conspiracy.  The government must prove beyond a reasonable doubt that the defendant and the alleged co-conspirators entered into an agreement to commit the specific act of murder-for-hire.  If the government fails to prove this agreement and the defendant's specific intent to further the object of the agreement, you must find the defendant Not Guilty.

Additionally, if you find that more than one conspiracy may have existed, you must all unanimously agree on which single conspiracy, if any, the defendant was a part of.  If some of you believe that the defendant was a part of one conspiracy, while others believe that he was part of another conspiracy, then you must find the defendant Not Guilty of the conspiracy charged.

### 3.  Overt Act

The government must prove that at least one member of the conspiracy took a clear, deliberate step—an overt act—to further this plan.  Talking about the plan is insufficient on its own.  In order to satisfy this element, you must find that the overt act showed genuine progress toward carrying out the alleged murder-for-hire.

### 4.  Facility of Interstate or Foreign Commerce

The government must prove that the defendant or a co-conspirator traveled or caused another person to travel across state or national boundaries; or that the defendant used, or caused another to use, any facility of interstate or foreign commerce.  A facility of interstate or foreign commerce includes telephones, the Internet, the mail, or other commercial channels.

 If you find you are not convinced that the defendant himself used or caused another to use facilities of interstate or foreign commerce, then this element is not met.

6

### 5. Specific Intent to Commit Murder

The government must prove that the conspiracy's criminal objective was to commit murder in violation of State or Federal law.

An act is done "intentionally" if it is done deliberately and purposefully; that is, the acts must have been the product of his conscious objective, rather than the product of force, mistake, accident, mere negligence, or any other reason other than that it was his purpose to commit a murder. This means that, to convict the defendant, the government must prove beyond a reasonable doubt that the defendant acted with the deliberate purpose of bringing about the victim's death. Acting with the intent to profit, intimidate, scare, coerce, or gain publicity—no matter how reprehensible that conduct may be—is not the same as acting with intent to kill.

If you find that the defendant intended to commit murder, then you still must find that this intent existed when the defendant used or caused another to use any facility of interstate commerce. This means that you must find that when the defendant used the facility of interstate or foreign commerce, he was using it with the intent to commit murder.

If you have a reasonable doubt as to whether the defendant, as a member of the alleged conspiracy, harbored the specific intent of ending the victim's life, then you must find the defendant Not Guilty.

### 6. Pecuniary Value

The government must prove that the defendant or a co-conspirator promised or exchanged something of pecuniary value in return for committing the murder. Money is something of pecuniary value. The government must show a firm agreement to exchange money or something of tangible value beyond a reasonable doubt. The terms of the agreement must be clear at the time that the agreement is made. This means that vague, uncertain promises or assumptions about possible compensation will not satisfy this element.

The government must convince you beyond a reasonable doubt that each of the three elements required to prove a conspiracy (agreement, intent to realize the conspiracy's unlawful objective, overt act) are met in addition to the three elements of murder-for-hire (facility of interstate/foreign commerce, intent to commit murder, pecuniary value). If each and every element has not been proven, then the government has not met its burden, and you must return a verdict of Not Guilty.

### Authority

*United States v. Mitchell*, 654 F. App'x 21, 23–24 (2d Cir. 2016)

*United States v. Jones*, 393 F.3d 107, 111–12 (2d Cir. 2004)

*United States v. Acosta*, 833 F. App'x 856, 861–62 (2d Cir. 2020)

*United States v. Hardwick*, F.3d 94, 99–100 (2d Cir. 2008)

*United States v. Frampton*, 382 F.3d 213, 217–18 (2d Cir. 2004)

*United States v. Lapier*, 796 F.3d 1090 (9th Cir. 2015)

**Count 3:  Money Laundering Conspiracy**

The defendant is charged with conspiring to engage in a financial transaction involving the proceeds of specified unlawful activity in violation of Section 1956(a)(1), (h) and (f) of Title 18 of the U.S. Code.  The law requires that the government prove each of the following elements beyond a reasonable doubt.  If the government fails to prove any element, or elements, beyond a reasonable doubt, you must find the defendant Not Guilty.

1.  **Financial Transaction**

The government must prove beyond a reasonable doubt that the defendant agreed to engage in an actual or attempted financial transaction.  It is not sufficient to show mere association with a financial instrument or that the defendant was peripherally involved in financial dealings.  You must be convinced that the defendant agreed to either complete or make a bona fide attempt to complete a financial transaction.

2.  **Involvement of Unlawful Proceeds**

The government must prove beyond a reasonable doubt that the financial transaction in question involved funds, property, or assets derived from or which constituted the proceeds of a specified unlawful activity.  Simply establishing that money or property is linked in some way to an unlawful source is not enough.  There must be concrete evidence that the transaction directly involved funds deriving from unlawful activity.

3.  **Knowledge of the Unlawful Nature of the Proceeds**

The government must prove that the defendant knew that the funds, property, or assets involved in the transaction were the proceeds of unlawful activity.  The law provides that the knowledge element of a crime is satisfied by proof of actual knowledge or by proof that the defendant consciously avoided obtaining such knowledge.  Mere suspicion or a hunch that the

9

defendant knew that the money might be tainted is insufficient.  You must be convinced that the defendant was aware, at the time of the transaction, of the illicit origin of the proceeds.

**4.  State of Mind Regarding Promotion of Unlawful Activity**

In connection with the transaction, the government must prove beyond a reasonable doubt that the defendant either:

a. Had the specific intent to promote or facilitate the specified unlawful activity; or

b. Knew that the transaction was designed or intended to promote or facilitate such unlawful activity.

This element requires clear evidence of the defendant's intent or knowledge.  If the evidence is ambiguous, speculative, or does not show that the defendant purposefully intended to further the unlawful activity, nor was aware that the transaction was intended to further such activity, you must resolve that doubt in favor of the defendant.

The government must convince you that each of these four elements is satisfied beyond a reasonable doubt.  If each element has not been proven, then the government has not met its burden, and you must return a verdict of Not Guilty.

**<u>Authority</u>**

*Regalado Cuellar v. United States*, 553 U.S. 550, 557–60 (2008)

*Rosemond v. United States*, 572 U.S. 65, 75–80 (2014)

*United States v. Zemlyansky*, 908 F.3d 1, 10 (2d Cir. 2018)

*United States v. Garcia*, 587 F.3d 509, 515 (2d Cir. 2009)

10

### Count 4:  Attempted Murder in Aid of Racketeering

The defendant is charged with violating Section 1959(a)(5) of Title 18 of the U.S. Code, which makes it a crime to commit various violent acts in support of an enterprise engaged in racketeering activity—either with a promise of payment or to maintain or increase one's position within a criminal enterprise.  Specifically, it makes it a crime to, among other things, attempt to commit murder in support of organized crime.

The law requires that the government prove each of the following elements beyond a reasonable doubt.  If the government fails to prove any element, or elements, beyond a reasonable doubt, you must find the defendant Not Guilty.

### 1.  Committing, Attempting, or Conspiring to Commit a Violent Crime

The government must prove beyond a reasonable doubt that the defendant attempted to commit murder.

For an attempted crime like this one, you must determine whether the defendant specifically intended to cause the proscribed result.  You must find the defendant Not Guilty if you find that (1) he did not have the specific intent to commit the underlying crime and (2) he did not take a substantial step corroborative of the intent to murder the victim.  To be clear, merely intending to commit a specific crime, without taking a substantial step toward carrying it out, does not constitute an attempt.

An intent to scare or to intimidate is not a sufficient finding for a criminal attempt to commit murder.  It follows that there can be no attempt if the defendant did not have the specific intent of committing the underlying crime.

Mere association or ambiguous statements are not sufficient.  The evidence must show clearly and unequivocally that the defendant's actions constituted attempted murder.

11

You must also find that the defendant's actions constituted a substantial step corroborative of that intent. The act must go beyond mere preparation and must strongly confirm the defendant's intent to commit the underlying crime. If the act is equivocal, preparatory, or does not clearly demonstrate a commitment to the criminal objective, then you must find the defendant Not Guilty.

## 2. Acting in Support of a Racketeering Enterprise

The government must prove beyond reasonable doubt that the defendant's conduct was done in support of an organization known to be a racketeering enterprise.

It is not enough to show that the defendant had a loose or tangential connection with such an organization. It is also not enough to show that the defendant was simply a member of this organization. The defendant must have committed the act in support of and in furtherance of its racketeering enterprise. You must be convinced that the defendant's actions were directly intended to further the criminal operations of the enterprise. Any evidence that hints only at a speculative or tangential connection is wholly insufficient and must be interpreted in favor of the defendant. In other words, do not speculate or make inferential leaps. If you do not find sufficient evidence to conclude that the defendant was acting with the intent to further the criminal operations of the enterprise, you must find the defendant Not Guilty.

## 3. With the Expectation of Payment or to Maintain or Further a Position in the Organization

The government must prove beyond a reasonable doubt that the defendant engaged in the violent act either with the expectation of receiving payment or with the intent to maintain or further his position within the organization.

The evidence must explicitly demonstrate that the defendant was motivated by the promise of obtaining a financial reward or an enhanced role within the criminal enterprise. Any inferences you make to determine whether this element is met should be reasonably related to the evidence

presented.  It would be improper for you to base your verdict on mere suspicions, speculations, or any unsubstantiated assumptions.

The government must convince you that each of these four elements is satisfied beyond a reasonable doubt.  If each element has not been proven, then the government has not met its burden, and you must return a verdict of Not Guilty.

### Authority

*United States v. Hidalgo*, No. 11-CR-151-A, 2014 U.S. Dist. LEXIS 184190, at *13-14

(W.D.N.Y. July 9, 2014)

*United States v. Jordan*, Nos. 19-3032-cr (L), 19-3365-cr (Con), 19-4070-cr (Con), 2024 U.S.

App. LEXIS 2649, at * 9 (2d Cir. Feb. 6, 2024)

1 Modern Federal Jury Instructions-Criminal ¶ 10.01 (2024)

**Count 5:  Firearm Use, Carrying, Possession During and in Relation to Attempted Murder**

The defendant is charged with violating Section 924 (c)(1)(A)(i) of Title 18 of the U.S. Code, which requires that in addition to any punishment for the underlying crime of violence or drug trafficking, the defendant, or someone he aided and abetted, must have used, carried, or possessed a firearm in furtherance of that crime.  The law requires that the government prove each of the following elements beyond a reasonable doubt.  If the government fails to prove any element, or elements, beyond a reasonable doubt, you must find the defendant Not Guilty.  You may only consider this count if you find that the defendant is guilty of Count Four beyond a reasonable doubt. If you do not find him guilty of Count Four, do not consider this count.

**1.  Connection to the Underlying Crime**

The government must prove beyond a reasonable doubt with respect to Count Four that a firearm was either used or carried during or in relation to the underlying crime of violence, or possessed in furtherance of that conspiracy.  "In relation to" means that the firearm must have had some purpose, role, or effect with respect to the alleged attempted murder.  The use, carrying, or possession of a firearm "in furtherance of" a crime of violence requires that the defendant, or someone he aided and abetted, used, carried, or possessed a firearm and that it advanced or moved forward the crime.  It is not enough that the government prove the mere presence of a firearm. That is wholly insufficient.  Rather, the government must prove beyond a reasonable doubt that firearms played some part in furthering the underlying crime in order for this element to be satisfied.

**2.  Use, Carrying, or Possession of a Firearm**

The government must prove beyond a reasonable doubt that the defendant, or someone he aided and abetted, either:

a.   Used or carried a firearm during the commission of the underlying crime; or

b.   Possessed a firearm in furtherance of the underlying crime.

14

Again, it is not enough to show that a firearm was present while a crime was committed. The evidence must clearly establish that the defendant committed an act with respect to the firearm and it was an integral part of the criminal conduct in question.

### 3.  Aiding and Abetting: Intent to Provide Aid

To convict the defendant of aiding and abetting, the government must prove beyond a reasonable doubt that the defendant specifically intended to aid in the crime's commission and took clear, deliberate action to do so.  Mere presence, passive association, or even knowledge of the crime is not enough. The defendant must have actively and purposefully assisted, encouraged, or facilitated the offense.

Intent cannot be assumed, guessed, or stretched from circumstantial evidence alone. It must be proven with clear, factual evidence, not speculation or suspicion. If the government fails to show that the defendant knowingly and intentionally provided aid, you must find the defendant Not Guilty.

The government must convince you that each of these three elements are satisfied beyond a reasonable doubt.  If each element has not been proven, then the government has not met its burden, and you must return a verdict of Not Guilty.

### Authority

*Brady v. United States*, No. 96-CV-5896, 1999 U.S. Dist. LEXIS 8475, at \*6, 9 (E.D.N.Y. Apr. 27, 1999)

*United States v. Kemp*, No. 21-1684-CR, 2023 U.S. App. LEXIS 2009, at \*9 (2d Cir. Jan. 26, 2023)

15

**<u>Defense Request No. 4:  Defendant's Right Not to Testify</u>**

The defendant has an absolute right not to testify.  The fact that the defendant did not testify cannot be considered by you in any way or even discussed in your deliberations.  There are many different reasons, circumstances, and factors that may influence a defendant's choice to remain silent.  A defendant may be unfamiliar with the legal system, afraid of misrepresenting themselves, inarticulate, or overwhelmed by the proceedings.  You may not attach any significance to the fact that the defendant did not choose to testify.

I remind you that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to a defendant to prove that he is innocent, explain his behavior, or justify his conduct or the conduct or others.

**<u>Authority</u>**

*United States v. Kasimov*, No. 22-1329, 2024 U.S. App. LEXIS 26628, at *9 (2d Cir. Oct. 22, 2024)

16

**<u>Defense Request No. 5:  Expert Testimony</u>**

You have heard testimony from people who were qualified as expert witnesses.  An expert witness has specialized knowledge or experience that allows them to give their opinions on relevant matters.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.  However, you, the jury, are the sole arbiter of the facts, and your role in judging credibility applies to experts as well as to other witnesses.

Experts may sometimes testify about matters that do not directly relate to an element of any charged offense to provide background for the events alleged.  If the expert testifies to matters that are already in your realm of knowledge, or if you find that the testimony does not help you decide a fact in issue, you would be justified in disregarding that expert's testimony entirely or in part.

In rendering their opinion, an expert may have relied upon a certain understanding of the facts.  Just because an expert relied on certain facts does not mean that you must accept them as true.  Do not let the label "expert" lead you to lend undue weight to any testimony.  You should give the experts' opinions as much or as little weight as you see fit based on the evidence presented in the case.

**<u>Authority</u>**

*United States v. Daly*, 842 F.2d 1380, 1388 (2d Cir. 1988)

*Ranish v. Delta Air Lines*, No. 95-7392, 1995 U.S. App. LEXIS 39834, at *4 (2d Cir. Nov. 21, 1995)

### Defense Request No. 6:  Cooperating Witness

You have heard testimony from a cooperating witness who is an accomplice in the case. The jury should keep in mind that such testimony is always to be received with caution and weighed with care.  You should not consider the testimony as you might consider any ordinary layman's testimony.  You should recognize that they say that they have participated in the crime charged.  An accomplice's testimony implicating a defendant as a perpetrator of a crime is inherently suspect because such a witness may have an important personal stake in the outcome of the trial.  A testifying accomplice may believe that a defendant's acquittal will destroy any expected rewards that may have been either explicitly, or implicitly, promised in return for their testimony.

It is, of course, proper for you to consider the interests that any witness has in the outcome of a case, whether that witness is the defendant himself, a government witness, or a defense witness.  But in determining the credibility of a witness, his interest in the outcome of the case is certainly a matter that you are entitled to take into consideration.

### Authority

*United States v. Masino*, 275 F.2d 129, 131–33 (2d Cir. 1960)

*United States v. Bermudez*, 526 F.2d 89, 99 (2d Cir. 1975)

*United States v. Padgent*, 432 F.2d 701, 704-05 (2d Cir. 1970)

*United States v. Projansky*, 465 F.2d 123, 135–36 (2d Cir. 1972)