

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 1, 2025

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Rafat Amirov et al.*,
                **S8 22 Cr. 438 (CM)**

Dear Judge McMahon:

        The Government respectfully submits this letter in response to the Court's Order (Dkt. 123) requiring the Government to provide additional context for its letter (the "ROS Letter"), filed yesterday, February 28, 2025, setting forth its understanding and position as to the inapplicability of the Rule of Specialty in this case with respect to defendant Polad Omarov (Dkt. 122).

        The Government regrets the extent to which the filing of the ROS Letter provided the impression that the Government was in any way delaying in bringing information to the Court's, or defendants', attention regarding this issue. Furthermore, the Government respectfully submits that it has pursued the matter with diligence throughout the prosecution of this case and has consistently brought its most up-to-date information to the Court's attention in a timely manner, as it did in the ROS Letter. Until February 24, 2025, the Government's understanding, consistent with the understanding of the Department of Justice's Office of International Affairs ("OIA"), the component responsible for international extraditions, was that, in order for the Government to proceed to trial on Counts Four and Five of the Superseding Indictment as to Omarov, it required the waiver of the Rule of Specialty (also known as an extension of the extradition) as to those charges from the Czech Republic, the country from which Omarov was earlier extradited on Counts One through Three. In accordance with that understanding, the Government transmitted a formal request to the Czech Republic requesting that waiver, and the Czech Ministry of Justice ("MOJ") reported the request was received. The Government further understood a decision from the Czech Republic was possible ahead of the March 10, 2025 trial date.

        The bilateral extradition treaty between the United States and the Czech Republic, first entered in 1925 and supplemented since (the "Treaty") (attached hereto as Exhibit A) includes a provision applying the Rule of Specialty, but the Treaty is silent as to requests for waivers of the Rule. Accordingly, the United States has requested waivers of the Rule of Specialty pursuant to the provisions in Czech domestic law allowing for the waiver of the Rule, and the Czech Republic, through its MOJ, has addressed waiver requests pursuant to Czech domestic law.

On February 21, 2025, in connection with an unrelated case being prosecuted by this Office, *United States v. Gupta*, 23 Cr. 289 (VM), Czech authorities notified OIA for the first time that under Czech law, a waiver of the Rule of Specialty was not required if a new charge (*i.e.* a charge brought after extradition) was based on the same alleged facts submitted in underlying extradition proceedings. In *Gupta*, after the Government advised Judge Marrero that it intended to submit a request to the Czech Republic to waive the Rule of Specialty with respect to a new money laundering charge, the defendant affirmatively asked the Czech Republic to deny any such waiver because the new charge was based on the same facts upon which the Czech Republic previously had extradited the defendant. After receiving and considering the defendant's request, the MOJ notified OIA that, under Czech law, a waiver of the Rule of Specialty was not required under those circumstances because the extradition was granted as to the facts stated in the extradition request and supporting materials, and not the legal charges. OIA notified the prosecutors in *Gupta* of this development on or about February 24, 2025 and, after some clarifying correspondence, the prosecutors in *Gupta* filed a letter with Judge Marrero the following day. *United States v. Gupta*, 23 Cr. 289 (VM) (S.D.N.Y. 2025) at Dkt. 40.

On February 24, 2025, OIA also notified the Government of the potential applicability of the MOJ's determination in *Gupta* to the instant case. Thus, the Government first learned that Omarov could be tried on Counts Four and Five without a waiver of the Rule of Specialty on February 24, 2025. The Government had no discussions about the possibility of proceeding without a waiver prior to February 24, 2025, because neither the Government nor OIA understood that the above-stated rule —that a waiver of the Rule of Specialty was not required if a new charge (*i.e.* a charge brought after extradition) was based on the same alleged facts submitted in underlying extradition proceedings—may apply to this extradition and prosecution. And, immediately after the Czech authorities provided that information, the Government and OIA contacted the MOJ about the application of this provision of Czech law to Counts Four and Five of the Superseding Indictment and the possibility of withdrawing the request for a waiver of the Rule of Specialty as to Omarov. The Government also began to independently analyze the issue. When the Government filed its reply memorandum of law in connection with pending motions *in limine* on February 25, 2025, MOJ had not yet responded to this inquiry. The Government, accordingly, noted that it had "…asked the Czech Republic to waive the Rule of Specialty as to Counts Four and Five. The Czech Republic has not yet granted the waiver *or determined whether such a waiver is required as a matter of Czech law*." (Dkt. 117 at 3) (emphasis added).

On February 26, 2025, at the pretrial conference on the matter, the Government still was awaiting a response from MOJ. Unable to provide a more definitive response, the Government advised the Court and the defense that it was "recently [] advised by our Office of International Affairs and by the Czech Ministry of Justice that the rule of specialty may not apply to Counts Four and Five if they are based on the same acts or transactions as the Counts One, Two and Three, which we believe they are." (*See* February 26, 2025 Tr. at 11).

The Government received an informal response from the MOJ regarding its inquiry after the pretrial conference in this case on February 26, 2025, which was consistent with the guidance provided in the *Gupta* matter. MOJ advised, in substance, that an extension of extradition (waiver of the Rule of Specialty) is not required where the additional charge is based on the same facts, meaning acts, as the charges for which extradition previously was granted. Because that is the case with respect to Counts Four and Five, that same day, OIA discussed the MOJ response with the

U.S. Department of State. OIA then requested that the MOJ provide a formal response regarding the matter. That response (the "MOJ Letter") was received by OIA and the Government in the morning, yesterday, February 28, 2025. Also yesterday, before noon, the Government filed a letter notifying the Court and the parties that, pursuant to guidance from MOJ, a waiver of the Rule of Specialty with respect to Counts Four and Five is not necessary and we intend to proceed on those counts as to Omarov at trial.

The Government notes that it has sought and obtained authorization from OIA to provide the MOJ letter to the Court and defendants, and does so with it attached hereto as Exhibit B, submitted under separate cover. The Government respectfully requests that the MOJ Letter be received and filed under seal. In consultation with OIA, the Government understands that there is an expectation of confidentiality in communications between OIA and the MOJ, both of which are the Central Authorities—meaning the parts of each respective government with official responsibility for communication regarding, among other things, extraditions—for our respective countries in accordance with the Treaty.

The Government regrets that the determination that the Rule of Specialty does not apply was not reached sooner, but respectfully submits that it advised the Court and parties of its understanding of the applicable Treaty requirements and rules regarding the applicability of the Rule of Specialty as quickly as it could given the unforeseen and unprompted update on longstanding practice between our country and the Czech Republic, which came to the Government only owing to developments in an unrelated case. The Government endeavored to pursue the correct answer to the Specialty question at all times in this case as expeditiously as possible, and provided this information to the Court in good faith as it attempted to navigate, as quickly as it could, a question of international comity. The Government is available to answer any additional questions the Court may pose.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:        /s/                          
Jacob H. Gutwillig / Michael D. Lockard
Matthew J.C. Hellman
Assistant United States Attorneys
(212) 637-2215 / 2193 / 2278

cc: Defense Counsel (by ECF)