**LINCOLN SQUARE LEGAL SERVICES, INC.**

Fordham University School of Law
150 West 62nd Street, Ninth Floor
New York, NY 10023

Tel 212-636-6934
Fax 212-636-6923

March 18, 2025

**By ECF & Email**
The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:   *United States v. Rafat Amirov, S8 22 Cr. 438 (CM)*

Your Honor:

      We submit the attached supplemental requested jury instruction following our discussions at the charge conference this afternoon. The attached supplemental request reflects our position that New York State attempt law controls this case. We have edited the fourth paragraph of the version of the charge that was distributed after the charge conference. Our proposed language begins with the phrase "Attempted murder" and is based upon the New York Criminal Jury Instructions which are available at CRIMINAL JURY INSTRUCTIONS and familiar to this Court.

      Thank you for your attention to this matter.

                                     Respectfully submitted,
                                     /s/
                                   Michael W. Martin
                                   Ian Weinstein
                                   Lincoln Square Legal Services, Inc.
                                   *Attorney for Mr. Rafat Amirov*

*On the submission*
Michlyne Bellas
Matthew Gawley
Megan Gmelich
Ryan Miller
Taylor Veracka
Amy Walker

By ECF and Email
All counsel

**Count Four: Violent Crime in Aid of Racketeering: Fourth Element—
The Defendant Committed Attempted Murder**

The fourth element the Government must prove beyond a reasonable doubt is that the defendant committed some violent or aided and abetted the commission of some "violent crime." In this case, the "violent crime" is attempted murder, and aiding and abetting the same.

For purposes of Count Four, we define the violent crime pursuant to the law of the state where it allegedly occurred, which is New York.

Pursuant to New York State law, murder is committed if: (1) an individual causes the death of another, or aids and abets the killing of another, and (2) the individual does so with the intent to cause the death of the victim or another person.

Attempted murder is committed if a person unlawfully, knowingly and intentionally attempts to cause the death of another and engages in conduct which tends to effect the commission of such crime. Conduct which tends to effect the commission of a crime means conduct which comes dangerously close or very near to the completion of the crime. It must go beyond planning and mere preparation, but it need not be the last act necessary to effect the actual commission of the intended crime.

As you know, a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. I have already instructed on the concept of aiding and abetting under federal law, which is applicable to Count One.

Under New York State law, there is an analogous concept to aiding and abetting – it is called "acting in concert." Under New York law, when one person engages in conduct which constitutes an offense, another is criminally liable for such conduct when, acting with the state of mind required for the commission of that offense, he or she solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct. The New York State

concept of "acting in concert" is similar to the federal aiding and abetting one, but it is not identical. So for purposes of determining whether the defendant aided and abetted—or acted in concert—with respect to Count Four, you should use the instruction about New York State law on acting in concert – not the federal standard for aiding and abetting that I told you about in connection with Count One.

In determining whether the defendant agreed as part of the conspiracy that he or a co-conspirator would commit or attempt to commit murder in violation of New York State law, you may find that attempted murder was the "violent crime" if you find that the defendant agreed that he or a co-conspirator would commit or attempt to commit murder as I have defined that crime under New York law, or because you find that he agreed that he or a co-conspirator would act in concert with another person to do so.