**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------X

UNITED STATES OF AMERICA,

22 Cr 438 (CM)

v.

POLAD OMAROV,

Defendant.

-------------------------------------------------X

## SENTENCING MEMORANDUM
## ON BEHALF OF POLAD OMAROV

Andrew Patel, Esq.
15 Chester Avenue
White Plains, NY 10601
Phone: 212-349-0230
apatel@apatellaw.com

Elena Fast, Esq.
The Fast Law Firm, P.C.
521 Fifth Ave, 17 Floor
Phone: 212-729-9494
elena@fastlawpc.com

Michael Perkins, Esq.
The Fast Law Firm, P.C.
521 Fifth Ave, 17 Floor
Phone: 212-729-9494
michael@fastlawpc.com

*Counsel for Polad Omarov*

I. **PRELIMINARY STATEMENT**

Mr. Polad Omarov (hereinafter "Mr. Omarov"), requests that this Court consider all the factors contained herein and decide on a sentence that is sufficient, but not greater than necessary, to accomplish the stated objectives found in 18 U.S.C. § 3553(a). The Defense respectfully submits that a sentence of 120 months of incarceration is sufficient, but not greater than necessary, to comply with the goals of sentencing.

II. **PROCEDURAL HISTORY**

On February 6, 2023, the U.S. Attorney's Office for the Southern District of New York sent the Czech authorities a formal request that Mr. Omarov be extradited based on a three-count Fourth Superseding Indictment that was filed with the U.S. District Court on January 27, 2023. Mr. Omarov was detained in the Czech Republic and held in solitary confinement for approximately 13 months, devoid of human contact, and under round-the-clock surveillance. *See* Polad Omarov Affidavit in Support of Motion to Suppress, ECF No. 97.

On February 21, 2024, shortly after arriving in the United States, Mr. Omarov was arraigned on the Fifth Superseding Indictment at his Initial Appearance before the Honorable U.S. Magistrate Judge Sarah L. Cave, and was detained pending trial. Then, on September 5, 2024, a Seventh Superseding Indictment was filed, additionally charging Mr. Omarov with Attempted Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count Four), and Possession of a Firearm During and in Relation to Attempted Murder in Aid of Racketeering, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five). On October 17, 2024, an Eighth Superseding Indictment was filed, but the charges against Mr. Omarov remained

unchanged.[1] Voir dire commenced on March 10, 2025, and then, on March 20, 2025, the jury returned a verdict of guilty on all five counts against Mr. Omarov. Mr. Omarov's sentencing is scheduled for October 29, 2025, and he faces a term of incarceration between 5 years and life. U.S. Probation is recommending a below-guidelines sentence of 240 months of incarceration.

## III.    NATURE AND CIRCUMSTANCES OF THE OFFENSE

The Court presided over the trial and is already well-acquainted with the facts and evidence presented. The Defense wishes to highlight five facts that bear directly on Mr. Omarov's sentencing. First, Mr. Omarov was thousands of miles away and on a different continent during the conduct charged in the operative indictment. Second, the firearm possessed by Mr. Khalid Mehdiyev never left his vehicle, nor was it brandished while surveilling Ms. Alinejad's home. Third, neither Ms. Alinejad nor any other person was hurt during the offenses. Fourth, Mr. Omarov had no contact with the government of Iran, and no evidence was presented which would indicate that Mr. Omarov was motivated to plot against Ms. Alinejad either on account of her outspoken criticism of the government of Iran's policies, or his own personal support of the same. Fifth, although the jury credited some or all of Mr. Mehdiyev's testimony, the Defense urges the Court to heavily scrutinize those portions of his testimony which were uncorroborated by other evidence.

## IV.    ADVISORY GUIDELINES CALCULATIONS

Mr. Omarov did not object to U.S. Probation's calculations of the advisory Guidelines. Mr. Omarov has no criminal convictions, resulting in a criminal history score of zero. According

---

[1] The S8 Indictment was the operative indictment at the time of Mr. Omarov's trial. The legitimacy of Mr. Omarov's extradition and the prosecution under the S8 indictment continues to be litigated under the Rule of Specialty in the Czech Republic.

to the sentencing table in USSG Chapter 5, Part A, a criminal history score of zero establishes a criminal history category of I.

U.S. Probation recommended a sentence of 120 months on <u>Counts</u> <u>One</u>, <u>Two</u>, and <u>Four</u>, and a sentence of 180 months on <u>Count</u> <u>Three</u> (with all terms running concurrently), and 60 months on <u>Count</u> <u>Five</u>, which must run consecutive to all other counts. Probation's total recommendation is 240 months of imprisonment.

### V.   HISTORY AND CHARACTERISTICS OF MR. OMAROV

In support of his history and characteristics, the Defense submits letters of support from Mr. Omarov's family, which are attached hereto as <u>Omarov</u> <u>Exhibit</u> <u>A</u>, as well as a letter from defense counsel Michael Perkins, which details his investigation of Mr. Omarov's background in Turkey and Georgia in preparation for the instant sentencing, which is attached hereto as <u>Omarov</u> <u>Exhibit</u> <u>B</u> and <u>B-1</u>. As Mr. Omarov has another pending criminal matter, *United States v. Polad Omarov*, (S3) 22-cr-482 (PKC) in the Eastern District of New York, and an anticipated appeal of the instant matter, he won't be addressing the Court, upon the advice of his counsel.

At trial, the Court heard what the Government describes as extortionate phone calls made by Mr. Omarov to a Brooklyn grocery store owner. It should be noted that these calls stand in stark contrast with how Mr. Omarov is described by some of the individuals he does business with and protects abroad. To explain this discrepancy, it is important to explain the circumstances in Mr. Omarov's life at the time those calls were made. As the Court is aware, Nadir Salifov, a/k/a Lotu Guli, was murdered in Antalya, Turkey on or about August 19, 2020 by his own body guard. After Guli's death, there was uncertainty in the ranks of the *Vory*, as there was no plan of succession for who would take over Guli's thiefdom. Mr. Omarov, as Guli's blood relative and

close associate, was considered by many to be a contender to assume Guli's role, which made him an enemy to other members of the *Vory* who sought to seize power for themselves. Mr. Omarov revealed to counsel that starting after Guli's death and continuing until his arrest, he suffered from extreme paranoia as the result of credible threats made to his life.

During this period, Mr. Omarov was constantly moving between countries in order to evade his would-be assassins, living in secrecy and enlisting a security detail to assist with his protection. Mr. Omarov revealed that he believed his life was in such grave danger, that there was a real possibility that he would be murdered each time he went out in public. His paranoia left him distrusting his own inner-circle, believing that those closest to him may attempt to poison him. The stress from this process left Mr. Omarov chainsmoking cigarettes to calm himself, unable to eat, and caused him to experience difficulty sleeping for a prolonged period of time. These circumstances wreaked havoc on Mr. Omarov's normally rational thought processes, transforming the fair and respected street adjudicator into the unrecognizable person that can be heard demanding money from the grocery store owner on those recorded phone calls. The Defense respectfully submits that this is the lens through which Mr. Omarov's conduct in the instant case must also be viewed.

As a result of not leaving the house, Mr. Omarov neglected his health and had not seen a doctor in years despite feeling pain and discomfort in his neck. He informed counsel that he was "saved" by the FBI because he was brought to America where he was able to be seen by a physician and was diagnosed with ███████████████████████████████ ████████████████████████████████████. Mr. Omarov revealed to counsel that he felt "relieved" at the time that he was arrested, because from that moment he no longer needed to live life on the run, because he was finally safe from his

4

enemies. Mr. Omarov credits the U.S. judicial system with saving his life, as he otherwise would not have received medical care and instead would have succumbed to his health issues.

## VI.    THE STATUTORY GOALS OF SENTENCING ARE SATISFIED WITH A 120 MONTH SENTENCE

Under 18 U.S.C. § 3553(a), the sentencing court is required to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need of the sentence imposed: (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

While U.S. Probation's sentencing recommendation of 240 months represents a downward variance from the advisory Guidelines range, the Defense submits that Probation's justification for its recommendation does not adequately reflect the mitigating factors presented by Mr. Omarov's personal history and characteristics. The Defense respectfully submits that in Mr. Omarov's case, the goals of sentencing are accomplished by a sentence of 120 months imprisonment.

## VII.    CONCLUSION

For all the foregoing reasons, Mr. Omarov respectfully requests that this Court exercise its reasoned judgment and impose a sentence that is sufficient, but not greater than necessary to comply with the statutory objectives of sentencing, which the Defense submits is a sentence of 120 months incarceration.

Dated: October 15, 2025
        New York, New York

Respectfully submitted,

| s/ Andrew Patel | s/ Elena Fast | s/ Michael Perkins |
|---|---|---|
| Andrew Patel, Esq. | Elena Fast, Esq. | Michael Perkins, Esq. |
| 15 Chester Avenue | The Fast Law Firm, P.C. | The Fast Law Firm, P.C. |
| White Plains, NY 10601 | 521 Fifth Ave, 17 Floor | 521 Fifth Ave, 17 Floor |
| Phone: 212-349-0230 | Phone: 212-729-9494 | Phone: 212-729-9494 |
| apatel@apatellaw.com | elena@fastlawpc.com | michael@fastlawpc.com |

*Counsel for Polad Omarov*

cc: All counsel of record (via ECF)